## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| GENE DUROCHER, Individually, PHILLIP GOBE, Individually, JOSEPH McCOY, Individually, STEPHEN M. ORR, Individually, PAMELA PIERCE, Individually, and GORDON THOMSON, Individually,<br>    *Plaintiffs*, | § § § § § § § | |
| VS. | § § | **Civil Action No. 4:25-cv-00757** |
| GRETCHEN M. VAN STEENWYK-MARSH, Individually, and MATTHEW D. VAN STEENWYK, Individually, as Trustee and    § Beneficiary of The Matthew Van Steenwyk GST Trust and The Matthew Van Steenwyk Issue Trust, and as Co-Trustee of The Gretchen Marie Van Steenwyk-Marsh GST Trust and The Gretchen Marie Van Steenwyk-Marsh Issue Trust,<br>    *Defendants*, | § § § § § § § § § § § § | |
| APPLIED TECHNOLOGIES ASSOCIATES, INC., and SCIENTIFIC DRILLING INTERNATIONAL, INC.,<br>    *Nominal Defendants*. | § § § § | |

## DEFENDANTS' MOTION TO DISMISS UNDER RULES 12(b)(2), 12(b)(3), 12(b)(6), and 28 U.S.C. § 1406(a), OR, IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)

## TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ................................................................................................ 2

I.    BACKGROUND ............................................................................................... 4

    A.    The Directors Lose the California Case ................................................... 4

    B.    The Directors Seek to Escape California and Shop for a Different Forum ................. 6

II.    ARGUMENT ..................................................................................................... 8

    A.    This Court Can Dismiss a Forum Shopping Declaratory Relief Action ...................... 8

    B.    The *Trejo* Factors Demand Dismissal ........................................................ 11

    C.    The First-to-File Rule Supports Dismissal As Well .................................... 13

    D.    Lack of Personal Jurisdiction Mandates Dismissal .................................... 14

    E.    Dismissal Is Warranted Due to Improper Venue ........................................ 17

    F.    The Court May Transfer the Action to the Central District of California ................. 18

III.    CONCLUSION .............................................................................................. 19

CERTIFICATE OF SERVICE ............................................................................... 20

**INTRODUCTION**

"[A] suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed." *Serv. Corp. Int'l v. Loewen Grp. Inc.*, 1996 WL 756808, at *2 (S.D. Tex. 1996) (Rainey, J.) (cleaned up). That is exactly what is happening here, and dismissal is precisely what should happen.

In short, company directors (Plaintiffs in this case) who lost a trial in the Central District of California filed this declaratory relief action in Texas to escape California and choose a new forum. Since this action was filed, the federal judge in the California case has decided the very issue at stake in this Texas action.

The California court's recent decision followed five years of litigation, at the end of which directors were tried and found liable for breaching fiduciary duties they owed to (i) the two companies they served and (ii) the minority shareholders in those companies, Matthew and Gretchen Van Steenwyk ("Matthew" and "Gretchen").

In that California case, Matthew also sought an injunction prohibiting the companies from paying the directors' attorneys' fees. Two weeks ago, the California trial judge held:

> "[H]aving considered the totality of the circumstances and finding every factor favors a permanent injunction, GRANTS the Motion in this regard and ENJOINS ATA, SDI, and ATA Ranches from paying, advancing, or reimbursing any attorney's fees or costs incurred by [the Directors]."

(Declaration of Matthew Donald Umhofer in Support of Defendants' Motion to Dismiss ("Decl."), Ex. C.)

This Court can "dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere." *Abbott Labs. v. Gardner*, 387 U.S. 136, 155 (1967). And where forum shopping is afoot, dismissal is the proper remedy. *Mission Ins. Co. v. Puritan*

*Fashions Corp.*, 706 F.2d 599, 602 & n.3 (5th Cir. 1983) (dismissal of declaratory relief action affirmed where there were "indications that forum-shopping was an element in this case").

Dismissal is all the more warranted because this case seeks to compound the injury to the companies by forcing them to spend millions more to defend the directors' breaches of fiduciary duties to those same companies. This Court should not permit the directors to game things to such an improper end. This case should be dismissed.

## I.    BACKGROUND

### A.    The Directors Lose the California Case

The directors' filing of this case follows a series of fundamental fiduciary failures. Those failures occurred when the directors sat on the boards of two related oil-drilling companies—Scientific Drilling International, Inc. (SDI) and Applied Technology Associates, Inc. (ATA)—from 2012 to the present. In short, the directors oversaw a multi-year scheme to spend millions of SDI and ATA dollars to subsidize a winery that was owned and controlled by the controlling shareholders of SDI and ATA, Elizabeth and Kedrin Van Steenwyk.

The directors' facilitation of that scheme led Matthew Van Steenwyk, a 25 percent minority shareholder of both SDI and ATA, to file a federal lawsuit in 2020 leveling direct and derivative claims against the directors, officers, and controlling shareholders of SDI and ATA (the "2020 California Case"). (Decl., Ex. D.) On summary judgment, the district court found that the controlling shareholders breached their fiduciary duties, and a jury then found the directors, officers, and controlling shareholders liable for breaching their fiduciary duties to Matthew and the companies. (Decl. Ex. E.) The jury awarded over $21 million to Matthew and the companies. (Decl., Exs. F, G.)

Following his trial win, Matthew submitted briefing on his request for entry of

judgment on his equitable claims, which included a request to bar SDI and ATA from indemnifying and advancing fees to the directors. (Decl., Exs. H-L.) The matter was fully briefed and taken under submission in December 2024. (Decl., Ex. M.) In opposing that motion, the directors made the very same substantive arguments articulated in the Petition in this case—but at no point did the directors contend that the California court lacked jurisdiction over the issue or that it had to be heard in Texas.

Nevertheless, months after that motion for equitable relief was taken under submission by the district court in California, the directors filed this case in Texas state court, (the "Petition") seeking to upend Matthew's pending motion for equitable relief. Matthew and Gretchen removed the case to this Court.

Very recently, the district court in California issued an order that prohibited SDI and ATA from paying the directors' attorneys' fees. (Decl., Ex. C.) In reaching that decision, the court observed:

- "Plaintiff proved during summary judgment and at trial that Defendants breached their fiduciary duties to the Companies, and, thus, Defendants will have to reimburse the Companies for costs advanced, barring the reversal of the jury's verdict." (*Id.* at 26.)

- "Defendants do not appear to be financially capable of reimbursing those costs because, like in *Johnson*, they have retained several expensive attorneys who are raising a vigorous defense." (*Id.*)

- "'Poor leadership is destructive to a company in ways that may not be compensated by monetary damages, such as weak[ening] the company's value.' The court agrees. the public has a strong interest in ensuring Defendants cannot cause the Companies further harm by having to pay for Defendants' litigation costs." (*Id.* at 27)

- "[C]ontrary to Defendants' position, the public has a strong interest in ensuring Defendants cannot cause the Companies further harm by having to pay for Defendants' litigation costs." (*Id.* at 30.)

- "[H]aving considered the totality of the circumstances and finding every factor favors a permanent injunction, GRANTS the Motion in this regard and ENJOINS ATA, SDI, and ATA Ranches from paying, advancing, or reimbursing any attorney's fees or costs incurred by Defendants." (*Id.*)

Directors insist in this case that they "are entitled to advancement in connection with the California Lawsuits at least until all appeals are exhausted." (Petition at 17.) But this is precisely what the California court has now prohibited.[1]

### B.    The Directors Seek to Escape California and Shop for a Different Forum

This brings us to the present case. The directors concede all of the relevant facts in the Petition:

1.    The 2020 California Case was filed first. (Petition at 49.)

2.    On August 30, 2024, Matthew and Gretchen filed a second federal action in the United States District Court for the Central District of California (the "2024 California Case"), alleging that from 2020 to 2024, while the California case filed in 2020 was pending, the directors and officers of SDI and ATA had engaged in breaches of fiduciary duty similar to those alleged in the 2020 California Case. (Decl., Ex. N.) The 2024 California Case, which includes four of the six named plaintiffs in this case (McCoy, Orr, Pierce, and Thomson), seeks, among other relief, an injunction preventing advancement of fees and indemnification of

---

[1] The directors in the California case recently filed an *ex parte* application in the California court and an emergency motion with the Ninth Circuit to stay the injunction on the payment of attorneys' fees.  (Decl., Exs. P, Q.)

plaintiffs.

3.      This case was filed nearly five years after the 2020 California Case, and six months after the 2024 California Case were filed. (Decl., Ex. O.)

4.      The subject matter of and the parties involved in the instant action and the California Cases completely overlap:

a.      In the 2020 California Case, Matthew sought equitable relief prohibiting the indemnification of and advancement of legal fees for the director defendants found liable for breaching fiduciary duties. (Petition ¶ 5 ("[Matthew] challenged the right to indemnification of Directors Pierce, McCoy, Gobe, and Durocher. Matthew subsequently supplemented that request to also oppose their right to advancement.")

b.      "On August 29, 2024, Matthew and Gretchen filed a second lawsuit against Directors Pierce, McCoy, Thomson, and Orr…. While the operative complaint largely rests on allegations that stem from and overlap with those at issue in the 2020 lawsuit, **it also alleges that ATA's and SDI's continued payment for counsel in connection with the California Lawsuits pursuant to the Indemnification Agreements constitutes waste and a breach of fiduciary duty**." (Petition ¶ 58.) (emphasis added).

c.      In the Texas case, the directors found liable for breaches of fiduciary duty seek an order concerning the indemnification of the directors and the advancement of their fees. (Petition ¶ 68 ("a. **The Directors are entitled to advancement in connection with the California Lawsuits at least until all appeals are exhausted**; b. Any challenge to the Directors' legal rights under the Indemnification Agreements must be brought in Texas; c. The Directors are entitled to a determination by ATA and SDI

as to whether they **will be indemnified for costs in connection with actions brought by Matthew and Gretchen** once all appeals are exhausted.") (emphasis added).)

It is indisputable that the directors have filed a case in Texas that seeks a determination of the very same issue presented and regarding the same parties in California cases filed in 2020 and 2024.

One final, telling fact: the directors are desperate to have their attorneys' fees covered by the companies because after they lost the California trial, they fired their insurance-funded trial counsel and hired a team of lawyers from a high-priced New York firm. (Decl., Ex. C at 26:12-14 ("Defendants do not appear to be financially capable of reimbursing those costs because, like in *Johnson*, they have retained several expensive attorneys who are raising a vigorous defense.").) In fact, the directors have conceded in a recent filing to the Ninth Circuit that they hired lawyers that they can only afford if they are paid for by the companies to which they breached their fiduciary duties.

## II.    ARGUMENT

Defendants move to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) because the action seeks declaratory relief regarding a matter already pending and subject to the jurisdiction of the U.S. District Court for the Central District of California; under Rule 12(b)(2), because the directors have not pled and cannot establish personal jurisdiction over the Defendants; and under Rule 12(b)(3), because venue is improper as to both non-resident Defendants. In the alternative, Defendants request to transfer venue to the Central District of California pursuant to Rule 12(b)(3) and 28 U.S.C. § 1404(a).

### A.    This Court Can Dismiss a Forum Shopping Declaratory Relief Action

"[D]istrict courts have discretion on whether to consider declaratory judgment actions."

*Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28–29 (5th Cir. 1989) (quoting *Hollis v. Itawamba Cty. Loans*, 657 F.2d 746, 750 (5th Cir. 1981)). "A court may even in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere." *Abbott Labs v. Gardner*, 387 U.S. 136, 155 (1967); *see also BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) ("The Declaratory Judgments Act is 'not available to settle disputes already pending before a court.'"). Because the issue presented by this declaratory relief action has already been decided in California, this case must be dismissed.

In the Fifth Circuit, dismissals of declaratory judgment cases have been held to be appropriate "(1) when there is a currently pending state court proceeding in which the matters in controversy between the parties may be fully litigated; (2) when the complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping; (3) when there are possible inequities in permitting the plaintiff to gain precedence in time and forum; and (4) when not dismissing would result in inconvenience to parties and witnesses." *LEAM Drilling Sys., LLC v. C&J Spec Rent Servs., Inc.*, No. CV H-19-00411, 2019 WL 1084039, at *3 (S.D. Tex. Mar. 7, 2019) (citing *Rowan Cos.*, 876 F.2d at 29).

Each and every one of these circumstances is present in this case. There is a currently pending California proceeding in which the indemnification issue has been fully litigated, and the court in that proceeding decided the issue adversely to the directors. Critically,

> courts have held that a declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction. The Court cannot allow a party to secure a more favorable forum by filing an action for declaratory judgment when it has notice that the other party intends to file suit involving the same issues in a different forum.… The Court should not allow this type of forum shopping in the form of anticipatory, declaratory judgment suits.

*909 Corp. v. Vill. of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292 (S.D. Tex.

1990).  This is all the more true where a party is already in litigation in one forum, anticipates an adverse decision, and flees the existing forum for another, which is precisely what has happened here. The directors openly admit that the very issue upon which they seek declaratory relief was "currently pending" when they filed their complaint. (Petition ¶ 53 ("Matthew's request for entry of judgment on his equitable claims remains pending before the California court.").) The decision that was pending has now been made, yet the directors want it made again in another forum.

"'[F]orum-shopping' is defined as '[t]he practice of choosing the more favorable jurisdiction or court in which a claim might be heard.'" *Tavener v. Johnson & Johnson*, No. 519CV0459GTSTWD, 2019 WL 2754423, at *11 (N.D.N.Y. July 2, 2019) (citing Black's Law Dictionary 726 (9th ed. 2009)). This is what the directors have done here: chosen Texas as a potentially more favorable jurisdiction for their efforts to ensure that SDI and ATA continue to pay their attorneys' fees. Indeed, the directors' conduct evinces "two characteristics of that practice": (1) "choosing a particular jurisdiction" and (2) "being motivated by a belief that the particular jurisdiction (which is located in the state of [SDI's] incorporation) will be more favorable to them than a court located in the state"—California—in which the issue has already been presented and decided. *Id.*

Forum shopping like this has led the Fifth Circuit to expressly affirm the dismissal of declaratory relief actions. *Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.*, involved strikingly similar facts: one party first sued its opponent in one state, and the opponent then sued in another. 48 F.4th 603 (5th Cir. 2022). The district court dismissed, and the Fifth Circuit affirmed because the opponent "attempted to preempt the proper plaintiff's forum choice." *Id.* at 606. Here, the directors admit that Matthew filed both California Cases prior to

10

this action, yet still attempt to deny Matthew a forum he chose five years ago, to which the directors never objected. *Pontchartrain Partners* thus counsels in favor of dismissal.

The same result was reached in *Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983). There, one party delayed an opponent's filing in California and filed for declaratory relief in their preferred forum, Texas. The district court dismissed, and the Fifth Circuit affirmed, noting that "[t]here are indications that forum-shopping was an element in this case," because the party that filed in Texas believed the law was better for them there. *Id.* at 602 n.3. Similarly, here, a group of company directors who lost a trial and several motions in California are seeking refuge in a forum they hope will be more favorable. Because the directors are forum shopping, their case must be dismissed.

**B.      The *Trejo* Factors Demand Dismissal**

In similar circumstances, courts in the Fifth Circuit consider the seven "Trejo factors" when determining whether to dismiss a declaratory relief action. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994). Every factor favors dismissal here:

1.      It is undisputed that **"there is a pending … action in which all of the matters in controversy may be fully litigated"**—in fact, all the matters in this declaratory relief action have already been litigated in federal court in California. And as in *Mission Insurance*, the directors here "do[] not dispute the fact that the California suit will completely settle the disputed issues." *Mission Ins.*, 706 F.2d at 603. Indeed, the California court has already made a decision that settles the issues in favor of Matthew and Gretchen.

2.      The directors **"filed suit in anticipation of a lawsuit filed by the defendant"**—specifically, in anticipation of a then-"currently pending" (and now-issued) decision concerning the directors' attorneys' fees in the 2020 California case filed by a

defendant in this case, Matthew Van Steenwyk. (*Supra*, § IA.)

3.      The directors **"engaged in forum shopping in bringing the suit"** here in Texas. As noted above, *Supra* § IB., the defendants are forum shopping here—they openly seek to have a court in one forum to decide an issue that was fully briefed and decided by a court in another forum. Indeed, the directors say the proverbial quiet part out loud by explicitly seeking a declaratory judgment limiting the California court's power to decide the advancement and indemnity issues. *See* Petition ¶¶ 8-9 (requesting declarations that "issues related to indemnification and advancement must be litigated in Texas," notwithstanding the pending proceedings in California on that issue, and that the directors' (nonexistent) rights to indemnity be determined "by ATA and SDI in the first instance—not … a court."). This is the definition of forum shopping.

4.      There are obvious **"inequities in allowing the declaratory plaintiff to gain precedent in time or to change forum."** The directors seek to unfairly involve Matthew and Gretchen in Texas litigation based on indemnification-related contracts that they are not a party to, while escaping the jurisdiction of a California court where their arguments have not fared well. "Moreover, any opinion reached by this Court might contradict a ruling in the [California] court, which could create inequities by giving [the directors] precedence in time and forum over the parties in the [California] court proceeding." *Accident Ins. Co., Inc. v. Dennis Collier Constr., LLC*, No. 1:20CV191-HSO-JCG, 2021 WL 329898, at *5 (S.D. Miss. Feb. 1, 2021).

5.      The question of whether this Court **"is a convenient forum for the parties and witnesses"** is answered by the directors' own conduct here: they seek to inconvenience Matthew and Gretchen Van Steenwyk by forcing them into a forum with which they have no ties in order to re-litigate a matter already litigated in a forum that the directors never claimed

was inconvenient in five years in litigation. In fact, at no time during the five years that the 2020 California Case did any defendant make any motion or argument that California was an inconvenient forum. Similarly, nor has any defendant in the 2024 California Case ever moved or argued to transfer the case on 28 U.S.C. § 1404(a) grounds. (Decl., ¶¶ 4,5.)

6.    **"[R]etaining the lawsuit would [not] serve the purposes of judicial economy."** The California court has already decided the central issue presented by the directors' declaratory relief action—it is obviously inefficient for a Texas court to entertain duplicative litigation that covers the very same ground.

Because every relevant *Trejo* factor favors dismissal, this case must be dismissed.

### C.    The First-to-File Rule Supports Dismissal As Well

The first-to-file rule also requires dismissal here. The directors do not dispute that the California Cases were the first filed—five years before this Texas case. "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Zurich Am. Ins. Co. v. Carter & Carter Constr., LLC*, No. 4:22-CV-00196, 2022 WL 17330463, at *3 (E.D. Tex. Nov. 29, 2022) (citation omitted).

The same facts that support dismissal under the declaratory-relief-dismissal and *Trejo* factors justify this Court's refusal to hear this case.

Allowing this case to proceed on the same issues in dispute in the California Cases would waste and duplicate effort, intrude upon the California court's rulings, and result in piecemeal decision making that frustrates the purposes underlying the first-to-file rule. The first-to-file rule thus highlights the impropriety of this case proceeding in Texas.

Nor can the directors rely on the forum-selection clauses in the so-called Indemnity

Agreements to survive the first-filed rule. For one thing, as described below, Matthew and Gretchen are not parties to those Agreements and thus are not bound by their forum-selection clauses. *See infra* § II.D. But even if Defendants were bound, those clauses are *permissive*, not mandatory: stating merely that the signatories "consent to the jurisdiction of the state or federal courts in Harris County, Texas and venue in Harris County, Texas" for disputes arising from the Indemnity Agreements. (Petition Ex. 2, ¶ 16; Petition Ex. 3, ¶ 17.) The Fifth Circuit long-since established that a clause under which "the parties submit to the jurisdiction of the courts" of a given state "falls short of being a mandatory forum-selection clause." *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956-57 (5th Cir. 1974); *see also City of New Orleans v. Municipal Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) ("For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive.").[2] Because it is only "where the parties are bound by a *mandatory* venue provision" that "the first-to-file rule must yield," the first-to-file rule applies with full force despite the permissive forum-selection clauses in the Indemnity Agreements. *See Wildcat Fluids, LLC v. DEL Corp.*, 2020 WL 12863522, at *6 (S.D. Tex. Dec. 21, 2020) (emphasis added, citation omitted); *see also Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 918 (5th Cir. 1997).

### D.    Lack of Personal Jurisdiction Mandates Dismissal

Defendants are concededly not residents of Texas but, instead, are pled to be residents of Nevada. (Petition ¶ 17-18). When a nonresident defendant moves the court to dismiss for

---

[2] Even further from the mark is Plaintiffs suggestion (*see* Petition ¶ 46) that Section 9(a) of the Indemnity Agreements provides for exclusive jurisdiction and venue in Texas. That clause states explicitly that proceedings may occur in any "appropriate court," whether "in the State of Texas, or in any other court of competent jurisdiction." Petition Ex. 2, ¶ 9(a); Petition Ex. 3, § 9(a).

lack of personal jurisdiction, the plaintiff bears the burden of proving that personal jurisdiction exists. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005). This Court may accept as true only the uncontroverted allegations of Plaintiffs' Complaint, and only if those allegations are non-conclusory. *Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003) . Indeed, the *prima facie* case requirement does not demand that this Court credit conclusory allegations, even if they remain uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co*., 253 F.3d 865, 869 (5th Cir. 2001).

In order for personal jurisdiction to satisfy Due Process requirements, the plaintiff must show that (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state, and (2) the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice. *See Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). Under the minimum-contacts analysis, the plaintiff may allege either specific or general personal jurisdiction. *Freudensprung v. Offshore Tech. Serv., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). Specific jurisdiction exists when the defendant's contact(s) are directly related to the cause of action. *See Marathon Oil Co. v. Ruhrgas*, 182 F.3d 291, 294 (5th Cir. 1999); *see also Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007) ("[F]or a nonresident defendant's forum contacts to support an exercise of specific jurisdiction, <u>there must be a substantial connection between those contacts and the operative facts of the litigation</u>") (emphasis added). General jurisdiction exists "when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co.*, 182 F.3d at 295.

The Directors have not satisfied their burden. The Petition does not allege that Gretchen

and Matthew are subject to personal jurisdiction in Texas.  The Petition does not allege any contacts between them and Texas. The only allegation in the Petition that could plausibly be construed as a jurisdictional one is that the Indemnification Agreements have permissive venue clauses allowing actions about them to be heard in Texas and that Gretchen and Matthew have interfered with those venue provisions by litigating these issues in California. (Petition ¶ 48.) But neither of the Defendants are parties or signatories to the Indemnification Agreements, so they cannot be bound by those Agreements' forum-selection clauses. *Adams v. Unione Mediterranea Di Scurta*, 364 F.3d 646, 652 (5th Cir. 2004) (applying "well recognized general rule" that one who "is not a party to the [] contract [] is not bound by the forum selection clause" therein); *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 443 (Tex. 2017) ("As a general proposition, a forum-selection clause may be enforced only by and against a party to the agreement containing the clause."). Put simply, it "goes without saying that a contract cannot bind a nonparty," and that should end the matter. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) (refusing to apply arbitration agreement to non-signatory). As the California court ruled in rejecting precisely this argument by the directors, "[Matthew] is not a party to the Indemnification Agreements and, thus, is not bound to their provisions." ((Decl., Ex. 3 at 25 (rejecting the directors' argument that Matthew "must make an application in Texas to invalidate or otherwise limit the Indemnification Agreements," because "SDI consented to the jurisdiction of Texas with respect to any proceeding arising under the Indemnity Agreements").)

Even if the Court were inclined to look beyond the Petition—and look at the fact that Gretchen and Matthew are minority shareholders in SDI, that too is not enough to establish jurisdiction. Rather, the directors had to plead and establish a tie connecting Gretchen and

Matthew's alleged conduct and the forum. They have not done so. *General Electric Capital Corp. v. Posey*, 2006 WL 708163 at *1 (N.D. Tex., Mar. 20, 2006) ("[I]n order to demonstrate that Buysee had minimum contacts with Texas, GECC cannot simply rely on the fact that Buysee was a director of a corporation with its principal place of business in Texas, but instead must tie Buysee's allegedly tortious conduct to the forum."); *see also Rittenmeyer v. Grauer*, 104 S.W.3d 725, 727-28 (Tex. App.—Dallas 2003, no pet.). Directors have not and cannot meet their burden to establish personal jurisdiction and this case should be dismissed.

### E.    Dismissal Is Warranted Due to Improper Venue

The directors' Petition posits that venue is proper because "the parties to the Indemnification Agreements have consented to venue there." (Petition ¶ 22.) This, however, is not a basis for proper venue under 28 U.S.C. § 1391(b). Rather, venue is proper if it is in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Neither Matthew nor Gretchen reside in Texas or have any connection to the state. (Petition ¶ 17-18).  Nor are they parties to the Indemnification Agreements, so they never submitted to this venue. *See supra*, § II.D. Moreover, the overwhelming majority of the events at issue in the California Cases occurred in California: at two grape ranches owned by ATA (a California corporation located in Paso Robles, California), that supplied wine grapes to ATA's controlling shareholders' California winery, Adelaida Cellars, Inc. Thus, venue is improper and

17

this Court should dismiss this case under Rule 12(b)(3).

**F.     The Court May Transfer the Action to the Central District of California**

While the circumstances here demand dismissal, the Court also has the power to transfer the case to the district in which the first case was filed under the first-to-file rule and 28 U.S.C. § 1404(a). The Fifth Circuit favors the dismissal of declaratory relief actions where another related case was first-filed elsewhere, but courts also transfer second-filed cases to the district in which the case was first filed.

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to a district court where it "might have been brought or to any district of division to which all parties have consented...[f]or the convenience of parties and witnesses [and] in the interest of justice." *Id.* Several factors are considered under Section 1404(a).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Williamson-Dickie Mfg. Co. v. M/V Heinrich J*, 762 F. Supp. 2d 1023, 1027 (S.D. Tex. 2011). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict or laws of the application of foreign law." *Id*.

Here, most of these factors are resolved by the fact that the 2020 California Case proceeded to trial with witnesses from California, Texas, and Nevada, applying both California and Texas law, without complaint of inconvenience. The 2024 California Case involves similar

issues, witnesses, and legal sources as well. The events in both cases center on a winery located in California and the directors' and officers' spending on that winery in breach of their fiduciary duties. (Decl., Exs. D, N.)  The California court is familiar with both cases and has already decided many legal issues, including the core issue presented by this Texas lawsuit. And because the forum selection clauses in the indemnity agreements do not apply and are permissive not mandatory, *see supra* § II.D., they do not sway the analysis under Section 1404(a). Accordingly, the public and private factors favor transfer under Section 1404(a), should the Court decline to dismiss this case outright.

## III.    CONCLUSION

"The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum." *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir. 1986) (cleaned up). The directors' procedural fencing is designed to thwart the purposes of declaratory relief and secure them a new forum. If they wish to seek relief in the existing California cases, they may do so, but they cannot proceed here in Texas. This case should be dismissed.

Dated: March 13, 2025

*/s/ Michael R. Absmeier*
Michael R. Absmeier
**Attorney-In- Charge**
State Bar No. 24050195
Federal ID: 608947
mabsmeier@gibbsbruns.com
Ashley M. Kleber
State Bar No. 24060263
Federal ID: 970584
akleber@gibbsbruns.com
Ross M. MacDonald
Federal ID: 3208919
rmacdonald@gibbsbruns.com
Michael R. Davis

Respectfully submitted by,

Matthew D. Umhofer
*Pro Hac Vice* ECF No 12
California Bar No. 206607
matthew@umklaw.com
J. Anthony King
*Pro Hac Vice* ECF No 11
California Bar No. 297279
anthony@umklaw.com
Diane H. Bang
*Pro Hac Vice* ECF No 10
California Bar No. 271939
dbang@umklaw.com
**UMHOFER, MITCHELL & KING LLP**
767 S. Alameda St., Suite 270

State Bar No. 24109793
Federal ID: 3588027
mdavis@gibbsbruns.com
**GIBBS & BRUNS LLP**
1100 Louisiana, Ste. 5300
Houston, Texas 77002
Telephone: 713.650.8805
Facsimile: (713) 750-0903

Los Angeles, CA 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027

***Attorneys for Defendants Gretchen M.
VanSteenwyk-Marsh and Matthew D. Van
Steenwyk, Individually and in Their Other
Alleged Capacities***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiffs' counsel of record were served with a true and correct copy of the foregoing document by the CM/ECF system on March 13, 2025.

By: */s/ Matthew Donald Umhofer*